UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FARUQ EL BEY,

      Plaintiff,

                                       Civil Action 2:13-cv-732
      v.                                Judge Gregory L. Frost
                                       Magistrate Judge Elizabeth P. Deavers

OFFICER BARRY, *et al.,*

      Defendants.

## REPORT AND RECOMMENDATION

      For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's

action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute this action.

## I.

      On July 25, 2013, Plaintiff, Faruq El Bey, filed his Complaint.[1]  (ECF No. 1-1.)  He

failed to pay the requisite $400 filing fee or to file an application for leave to proceed without

prepayment of fees.  Instead, he submitted a document titled "Affidavit of Financial Statement"

in which he represents that he does not possess any gold or silver coins to pay the filing fee.

(ECF No. 1.)  Noting that his submissions failed to "contain sufficient information to enable to

Court to determine whether he is unable to pay the filing fees or give security therefor as

required under 42 U.S.C. § 1915(a)(1)," the Court ordered Plaintiff to submit, within fourteen

(14) days, the requisite $400 filing fee or alternatively, to file an application for leave to proceed

*in forma pauperis*.  (ECF No. 2.)  The Court attached two copies of the *in forma pauperis*

---

[1]Plaintiff incorrectly titled his Complaint a "Legal Notice of Removal."  (ECF No. 1-1.)

application for Plaintiff's convenience.

On July 30, 2014, Plaintiff filed a document he titled "Notice of Public Records Correction."  (ECF No. 3.)  Within this document, Plaintiff clarified that he has was not moving to proceed without prepayment of fees.  Plaintiff indicated that he is instead exercising his right to proceed *in forma pauperis*, noting that he is "a Moorish National Aboriginal Indigenous Natural Person."  (*Id*. at 2.)  He again represented that he does not possess and "gold or silver coins" to pay the filing fee.  (*Id*.)

On August 2, 2013 the Court issued an Order and Notice of Deficiency, noting that Plaintiff's July 30, 2014 submission was insufficient to permit the Court to assess whether he is able to pay the $400 filing fee and that it did not relieve him of his obligation to comply with the Court's July 26, 2013 Order.  (ECF No. 4.)  In addition, the Court once again advised Plaintiff that his failure to timely comply with the Court's July 26, 2013 Order would result in dismissal of this case for want of prosecution.  (*Id*.)

To date, Plaintiff has not complied with the Court's July 26, 2013 and August 2, 2013 Orders.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  *Link v. Walbash R. Co*., 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, both the July 26, 2013 and August 2, 2013 Orders cautioned Plaintiff that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to comply with these clear Orders of the Court, which established deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  August 21, 2013                                    /s/ *Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge

4